```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                        TERRE HAUTE DIVISION

UNITED STATES OF AMERICA,  )
                           )
        Plaintiff,         )
                           )
vs.                        ) CAUSE NO. 2:11-CR-00037-JMS-CMM-1
                           ) Indianapolis, Indiana
CONSTANTINO CEJAS,         ) Monday, December 17, 2012
                           )
        Defendant.         )


                            Before the
                  HONORABLE JANE MAGNUS-STINSON


                      TRANSCRIPT OF SENTENCING



APPEARANCES:
FOR THE GOVERNMENT:    United States Attorney's Office
                       By:  Matthias David Onderak
                       101 NW Martin Luther King, Jr. Blvd.
                       Evansville, Indiana 47708

FOR THE DEFENDANT:     Attorney at Law
                       By:  Harold Samuel Ansell
                       156 East Market Street, Suite 900
                       Indianapolis, Indiana 46204

ALSO PRESENT:          The Defendant in person.

COURT REPORTER:        Jean A. Knepley, RDR, CRR, CCP, FCRR
                       46 East Ohio Street, Room 309
                       Indianapolis, Indiana 46204




            PROCEEDINGS TAKEN BY MACHINE SHORTHAND
                COMPUTER-AIDED TRANSCRIPTION
```

1                    (In open court.)
2           THE COURT:  Ma'dam interpreter, if you would raise
3  your right hand, please.
4           (Interpreter sworn.)
5           THE COURT:  We are on record in Cause No.
6  2:11-CR-37.  This is Defendant 1, the case of United States of
7  America versus Constantino Cejas.  Mr. Cejas is present in
8  person with counsel, Mr. Ansell.  The Government is present by
9  Assistant United States Attorney Matthias Onderak and Special
10 Agent Ed Wheele from the FBI.  Our court reporter is Jean
11 Knepley.  This matter is before the Court for sentencing, and
12 probation is present by Officers Angie Smith and Diane Asher.
13          On August 1st the Defendant was found guilty following
14 a trial by jury of Counts I, II, III, IV, and V in the
15 indictment.  The Defendant pled guilty to Count VI on July 30,
16 2012, and the Court accepted the plea to that count at that
17 time.
18          Following the jury's verdict, the Court ordered a
19 presentence investigation report to be prepared, and it has
20 been.  The Court has received no objection to the presentence
21 report.  I did receive and review letters in support of
22 Mr. Cejas that counsel submitted through probation.  With
23 respect to the PSR, are there objections or corrections, Mr.
24 Ansell?
25          MR. ANSELL:  Your Honor, there is a correction in

1  Paragraph 13, the very last sentence.  It says the firearm and
2  holster was seized.  It is not actually true.  It was a month
3  later before that particular firearm was seized by the
4  Government.  So I just ask to strike the last sentence of
5  Paragraph 13.
6              THE COURT:  How about if I just add "a month later"?
7              MR. ANSELL:  That is fine.  It was just a different
8  stop is all, different traffic stop.
9              THE COURT:  Right.  Is that all right, Mr. Onderak,
10 to add that language "one month later"?
11             MR. ONDERAK:  Yes, Your Honor.
12             THE COURT:  We will just add to the end of 13, "one
13 month later."
14         Any other corrections or objections to the PSR?  We
15 will discuss the guidelines in a minute, to the extent that
16 they are relevant.  Any other objections or corrections?
17             MR. ANSELL:  Judge, Mr. Cejas indicates that he
18 objects to the quantity that is alleged in Paragraph 17.
19             THE COURT:  Okay.  Do you want to address the
20 quantity, Mr. Onderak?
21             MR. ONDERAK:  Well, only the jury's finding was a
22 conspiracy over 500 grams, and we believe the facts listed in
23 the PSR are correct and established the drug weight of
24 approximately 688 grams of methamphetamine mixture.
25             THE COURT:  Okay.  The Court will overrule the

1  objection and also note the jury's verdict that it was in
2  excess of 500 grams.  So the Court will accept the presentence
3  report as its findings of fact and accept the report for the
4  record under seal.  In the event of any appeal, counsel will
5  have access to the report but not the recommendation portion.
6           I should have asked in the earlier proceeding.  There
7  are no victims to be heard; is that correct, Mr. Onderak?
8           MR. ONDERAK:  Correct, Your Honor.
9           THE COURT:  All right.
10          If we could turn to the guideline calculation then
11 contained in the report.  We are showing a base offense level
12 of 32 with no adjustments.  Is there any objection to that
13 calculation?
14          MR. ANSELL:  No, Your Honor.
15          MR. ONDERAK:  No, Your Honor.
16          THE COURT:  That is a result of the grouping that is
17 required under 3D1.2(d).  I might have misspoken at the
18 beginning.  Hold on a minute, and then there are no -- the
19 Court finds that the total offense level is 32.  The Defendant
20 has no criminal history points.  He is in criminal history
21 category one, and I recognize the guideline calculation
22 becomes trumped by the statute, but I am required by law to do
23 it, so I am.  And the sentencing range at that level is 121 to
24 151.
25

1          Does the Government accept that as the guideline
2   calculation, level 32, category 1?
3          MR. ONDERAK:  Yes, Judge.
4          THE COURT:  Does the Defendant?
5          MR. ANSELL:  Yes, Judge.
6          THE COURT:  Thank you.  Mr. Cejas has the right to
7   address the Court.  He may do that personally or through you,
8   Mr. Ansell.  I will turn it over to you at this time.
9          MR. ANSELL:  Thank you, Judge.
10         Judge, Mr. Cejas doesn't have anything to say to the
11  Court.  He hasn't prepared anything with respect to his
12  sentence.  He is subject to a statutory minimum of 40 years.
13  He is 46 years old.  He does not enjoy good health.  I argue
14  on his behalf that anything in excess of the statutory minimum
15  is more than is necessary under 3553(a).
16         THE COURT:  Thank you.
17      Mr. Onderak?
18         MR. ONDERAK:  Your Honor, the Government doesn't
19  have much to add.  We are asking for the mandatory minimum
20  sentence on each count, which Count I is ten years.  Count III
21  is five years consecutive to that, and then Count V is 25
22  years consecutive to those two.  We believe that the mandatory
23  minimum sentence in this case takes into account the
24  seriousness of the offense and the need for deterrence.
25         THE COURT:  Thank you.

1      Sometimes, Mr. Cejas, I have considerable latitude in
2 how to sentence somebody.  In your case, I do not, which isn't
3 to say that you weren't convicted of several very serious
4 crimes.  But the Congress has spoken on its view about people
5 who use guns in conjunction with dealing drugs.
6      The Congress made no provision with respect to the
7 language of the statute that says a second conviction between,
8 for example, date of conviction and commission of the next
9 crime like some other statutory schemes.  You have to serve
10 your sentence or at least have been sentenced before you
11 commit the next crime.  Congress did not do that in this case.
12 So the Court really has no discretion in the case and will,
13 consistent with your attorney's request and the Government's,
14 impose the minimum sentence that is allowed by law.
15      Pursuant to the Sentencing Reform Act of 1984, it is
16 the judgment of the Court that the Defendant, Constantino
17 Cejas, is hereby committed to the custody of the Bureau of
18 Prisons to be imprisoned for a term of 120 months on each of
19 Counts I, II, IV, and VI to be served concurrently, a term of
20 60 months on Count III to be served consecutively to Counts I,
21 II, IV, and VI, and a term of 300 months on Count V to be
22 served consecutively to all other counts, to produce a total
23 term of 480 months.
24      The sentence is imposed based upon the mandatory
25 minimum requirements, the nature and circumstances of the

1  instant offense.  The Court is not ordering a fine based on
2  the Defendant's financial resources and future ability to pay.
3  There is a mandatory minimum supervised release term as well.
4       Does he have any request with respect to location of
5  placement, Mr. Ansell?
6       MR. ANSELL:  Yes, Judge.  Mr. Cejas requests a
7  recommendation that he be designated to a facility with his
8  brother, or in the alternative, as close to Indianapolis as
9  possible.  But he would prefer not to be designated to Terre
10 Haute.  He would like to be designated to a facility either in
11 Ohio or Lexington, Kentucky.
12      THE COURT:  Okay.  I am not sure I can get so
13 specific as to say -- I mean, I think it is a little
14 contradictory.  I am happy to say Ohio and Lexington, which is
15 what I said for his brother.
16      MR. ANSELL:  That sounds perfect.
17      THE COURT:  The Court will recommend placement in
18 either Ohio or Lexington, Kentucky and note that the Defendant
19 wishes to be placed with his brother.
20      While on supervised release, the Defendant shall not
21 commit another federal, state, or local crime, shall not
22 possess a firearm, destructive device, or other dangerous
23 weapon -- oh, I didn't say it.  The mandatory minimum term of
24 supervised release is five years, and the Defendant will be
25 placed on supervised release for five years.  While on

release, the Defendant shall not commit any federal, state, or local crime, shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon, shall cooperate with the collection of a DNA sample, shall refrain from any unlawful use of a controlled substance, and shall submit to one drug test within 15 days of placement on supervised release and two periodic tests thereafter as directed by the probation officer.

Further, the Defendant shall comply with the standard conditions as adopted by the judicial conference of the United States, as well as the following additional conditions:

One, the Defendant shall provide the probation officer access to any requested financial information.

Two, the Defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The Defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The Defendant is responsible for paying a portion of the fees of substance abuse test and/or treatment.

Three, the Defendant shall submit to the search with the assistance of other law enforcement as necessary of his person, vehicle, office or business, residence and property, including computer systems and peripheral devices. The

Defendant shall submit to the seizure of contraband found. The Defendant shall warn other occupants the premises may be subject to searches.

Upon completion of imprisonment, the Defendant shall be surrendered to immigration authorities for deportation proceedings pursuant to the Immigration and Naturalization Act and if detained shall not be required to report to the probation office within 72 hours of release from imprisonment.

Should the Defendant remain or reenter the U.S. during the period of supervised release, the Defendant shall report immediately to the probation officer. It is further ordered that the Defendant pay a special assessment of $600 which shall be due immediately. Payment is to be made directly to the Clerk of the United States District Court.

Is there any reason why sentence should not be imposed as stated, Mr. Onderak?

MR. ONDERAK: No, Your Honor.

THE COURT: Mr. Ansell?

MR. ANSELL: No, Your Honor.

THE COURT: All right.

Mr. Cejas, sir, you have the right to appeal your convictions and your sentence in this case. If you wish to take an appeal, a notice of appeal must be filed within 14 days of the entry of judgment in the case. If you cannot afford the filing fee or cannot afford a lawyer, the Court

1  will appoint one for you.  Also, the Clerk of Court can
2  prepare an immediate notice of appeal upon request.
3         Do you understand your appellate rights?
4            THE DEFENDANT:  (Through the interpreter) yes.
5            THE COURT:  Do you have any questions?
6            THE DEFENDANT:  (Through the interpreter) no.
7            THE COURT:  All right.
8         The Court will order the Defendant remanded to the
9  custody of the United States Marshal and order that a copy of
10 the PSR be prepared for the Bureau of Prisons and the
11 Sentencing Commission.  Thank you.
12           THE CLERK:  All rise.
13        (Concluded at 3:20 p.m.)
14                       - - -
15
16            CERTIFICATE OF COURT REPORTER
17
18    I, Jean A. Knepley, hereby certify that the
19  foregoing is a true and correct transcript from
20  reported proceedings in the above-entitled matter.
21
22
23 /S/ Jean A. Knepley                March 8, 2013
   JEAN A. KNEPLEY, RDR/CRR/CCP/FCRR  Date
24 Official Court Reporter
   Southern District of Indiana
25 Indianapolis Division