UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:11-cr-37-JMS-CMM-01 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| CONSTANTINO CEJAS | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:11-cr-00037-JMS-CMM |
| | ) | |
| CONSTANTINO CEJAS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Constantino Cejas requests compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Cejas's motions are **denied**.

**I. Background**

In 2013, Mr. Cejas was convicted of: (1) conspiracy to possess with intent to distribute and distribution of 500 grams or more of methamphetamine (mixture) (Count 1); (2) two counts of possession with intent to distribute and distribution of 50 grams or more of methamphetamine (mixture) (Counts 2 and 4); (3) two counts of possession of a firearm in furtherance of a drug trafficking crime (Counts 3 and 5); and (4) possession of a firearm by an alien illegally and unlawfully in the United States (Count 6). Dkt. 109. The presentence investigation report, dkt. 95, summarizes Mr. Cejas's offense conduct as follows:

From November 2010 through March 2011, Mr. Cejas, his brother, and others distributed large amounts of methamphetamine in the Terre Haute and Indianapolis areas. On one occasion, Mr. Cejas sold four ounces of methamphetamine to a buyer for $8,000. After the sale, law enforcement stopped Mr. Cejas's car and found a firearm and a loaded clip. A loaded handgun was also located in a holster on Mr. Cejas. On other occasion, law enforcement observed Mr. Cejas

carrying a holstered firearm immediately following a drug sale. Mr. Cejas was found to be accountable for at least 688.525 grams of methamphetamine mixture.

The Court sentenced Mr. Cejas to an aggregate sentence of 480 months in prison, representing concurrent 120-month sentences for Counts 1, 2, 4, and 6; a consecutive 60-month sentence for Count 3; and a consecutive 300-month sentence for Count 5. Under 18 U.S.C. § 924(c)(1) as it existed at the time, the sentence for Count 5 represented the mandatory minimum sentence for that conviction. *See* 18 U.S.C. § 924(c)(1) (eff. Oct. 6, 2006, to Dec. 20, 2018). Since that time, § 924(c)(1) has been amended, although the amended provisions do not apply retroactively. *See* 18 U.S.C. § 924(c)(1) (eff. Dec. 21, 2018). If Mr. Cejas were sentenced today, the mandatory minimum sentence for Count 5 would be only five years (consecutive to any other sentences), so his sentence might be up to 20 years shorter.

Mr. Cejas has been in custody for about ten-and-a-half years. According to the Bureau of Prisons ("BOP"), his anticipated release date (with good-conduct time included) is September 1, 2045. *See* https://www.bop.gov/inmateloc/ (last visited May 12, 2022).

Mr. Cejas filed a pro se motion for compassionate release and supporting memorandum. Dkt. 211, 212. The Court appointed counsel to represent him, and counsel appeared on his behalf, but the Court later granted counsel permission to withdraw. Dkts. 215, 216, 218, 220. After counsel withdrew, Mr. Cejas supplemented his motion. Dkt. 222. The United States responded in opposition, dkt. 225, and Mr. Cejas filed a reply, dkt. 226. At the Court's direction, the United States filed copies of Mr. Cejas's medical records. Dkt. 228. Mr. Cejas then supplemented his motion several times. Dkts. 229, 231, 232, 233. The United States responded to one of the supplements, dkt. 235, and Mr. Cejas filed a reply, dkt. 236. Mr. Cejas also filed an additional motion requesting compassionate release. Dkt. 238.

In his various filings, Mr. Cejas argues that "extraordinary and compelling reasons" warrant release within the meaning of § 3582(c)(1)(A)(i) because he might receive a much shorter sentence if sentenced today, he is still suffering from health problems after a bout with COVID-19, and he suffers from a number of health conditions (including a history of heart attacks, hypertension, diabetes with neuropathy, hyperlipidemia, retinopathy, and being overweight) that increase his risk of experiencing severe symptoms if he contracts COVID-19 again. The United States argues that Mr. Cejas has not shown extraordinary and compelling reasons warranting relief, he would present a danger to the community if released, and the sentencing factors in 18 U.S.C. § 3553(a) do not favor release.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Cejas's first reason for requesting a sentence reduction—that he might receive a far shorter sentence if sentenced today—is not an extraordinary and compelling reason warranting

4

relief under § 3582(c)(1)(A)(i), whether considered alone or in combination with any other factors. *See United States v. Thacker*, 4 F.th 569, 571 (7th Cir. 2021) ("Given Congress's express decision to make the First Step Act's change to § 924(c) apply only prospectively, we hold that the amendment, whether considered alone or in connection with other facts and circumstances, cannot constitute an 'extraordinary and compelling' reason to authorize a sentencing reduction.").

The Court also declines to find that Mr. Cejas's current health constitutes an extraordinary and compelling reason to release him, whether alone or in combination with any other factors. Even crediting Mr. Cejas's claims that he has continued to suffer from symptoms of COVID-19 (including chest pains, elevated heart rate, memory problems, pain throughout his body, and labored breathing), *see, e.g.*, dkt. 229-1 at 3; dkt. 228-2 at 4, 10; dkt. 226 at 4; dkt. 226-1; dkt. 222 at 2, despite the fact that the BOP considers him to be "recovered," it does not appear that he is incapacitated or unable to engage in self-care. To the extent that Mr. Cejas is complaining about the medical care he is receiving in the BOP, such complaints might form the basis for a civil suit in his district of incarceration, but they are not extraordinary and compelling reasons to release him. *See United States v. Dotson*, 849 F. App'x 598, 601 (7th Cir. 2021) ("Mistreatment or poor conditions in prison, if proved, might be grounds for relief in a civil lawsuit, but untested allegations of this nature are not grounds for a sentence reduction." (cleaned up)).

That leaves Mr. Cejas's final reason for requesting a sentence reduction—the risk he faces from the COVID-19 pandemic in light of his medical conditions. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th

5

801, 803 (7th Cir. 2021). The Seventh Circuit has repeatedly affirmed that the risk an inmate faces from COVID-19 cannot be an extraordinary and compelling reason warranting release under § 3582(c)(1)(A)(i) unless the inmate shows that he cannot "receive or benefit from a vaccine." *Id.*; *see also United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of new coronavirus variants, we reiterated that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability to receive or benefit from a vaccine.") (cleaned up). Mr. Cejas is fully vaccinated, *see* dkt. 228-2 at 83, and he has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, Mr. Cejas "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). Accordingly, Mr. Cejas has failed to carry his burden to show that the risk of COVID-19 presents an extraordinary and compelling reason for release.

Given the determination that Mr. Cejas has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release. Even if he had made such a showing, however, the Court would nevertheless find that Mr. Cejas is not entitled to compassionate release because the § 3553 factors do not weigh in his favor.[1] Weighing

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records

in his favor, Mr. Cejas has not incurred a disciplinary sanction since 2018, he has completed the nonresidential drug treatment program, has maintained employment during his incarceration, and has been selected to reside in an honor dorm. *See* dkt. 226 at 2; dkt. 225-2; dkt. 225-1. But weighing heavily against him, Mr. Cejas distributed a large amount of methamphetamine and carried firearms while doing so. Because he was not lawfully present in the United States, he should not have possessed firearms at all, let alone possessed them while trafficking drugs. Although Mr. Cejas would face a lower mandatory minimum sentence if sentenced today, he would still face a minimum sentence of 20 years (10 years for the drug charges and two, consecutive five-year sentences for the firearm charges), *see* 21 U.S.C. § 841(b)(1)(A)(viii) (eff. Dec. 21, 2018); 18 U.S.C. § 924(c)(1)(A), (D) (eff. Dec. 21, 2018), and he has only served about ten-and-half years. Thus, releasing him now would be a significant sentence reduction.

In light of these considerations, the Court finds that releasing Mr. Cejas now would not: reflect the seriousness of the offense; promote respect for the law; or provide just punishment for the offense. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Mr. Cejas's motions for compassionate release, dkts. [211] and [238], are **denied**.

**IT IS SO ORDERED.**
Date: 5/16/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Distribution:

All Electronically Registered Counsel

Constantino Cejas
Reg. No. 10061-028
FCI Hazelton
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, WV 26525