```
Constantino Cejas
Reg. No. 10061-028
Hazelton F.C.I,.
P.O. Box 5000
Bruceton Mills, WV., 26525
```
**FILED**
**02/27/2024**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

In The
United States District Court
For The Southern District of Indiana

2:11-cr-00037-JMS-CMM-1

| | | |
|---|---|---|
| United Staets of America, | § | Case No. 11-CR-0037 |
| Plaintiff-Respondent, | § | |
| | § | In Light Of The November 1, 2023 Guideline Amendments Under § 1B1.13, Cejas Moves Under 18 U.S.C. § 3582(c)(1)(A) |
| v. | § | |
| | § | |
| Constantino Cejas, | § | |
| Defendant-Movant. | § | |

Under Section 3582(c)(1)(A), of title 18 United States Code, Constantino Cejas ("Cejas"), moves for a reduction in light of the Recent changes to Section 1B1.13, and in support states:

I.  Statement of the Case

On August 1, 2012, Cejas was convicted by a jury of: One count of conspiracy to possess with the intent to distribute 500 grams or mored of methamphetamine (Mixture), in violation of 21 U.S.C. §§ 846, 841(a)(1); Two counts of possession with intent to distribute and distribution of 50 grams or more of methamphetamine, in violation of § 841(a)(1) (counts two and for); and two counts in violation of 18 U.S.C. § 924(c), for possession of a firearm in furtherance of a drug trafficking offense, and 18 U.S.C. § 922(g)(5).

On December 17, 2012, Cejas was sentenced to 120 months[1] on counts 1, 2, 4 qnd 6 to run concurrent to each other; 60 months on count three to run consecutive to counts 1, 2, 4, and 6; 300 months on count five running consecutive to all other counts for a total of 480-months. The seventh Circuir subsequently affirmed. United States v. Cejas, 761 F.3d. 717 (7th Cir. 2014).

Cejas previously filed under § 3582(c)(1)(A), and this COurt denied the motion under United States v. Thacker, 4 F.4th 569 (7th Cir. 2021). finding that stacked § 924(c) sentences cannot constitute extraordinary and compelling reasons for compassionate release. That all changed on November 1, 2023, when the Sentencing Commission amended § 1B1.13. IN that new provision the Commission agreed with the circuits that authorize a district court to consoder non-retroactive changes in the law as extraordinary and compelling circumstances, thereby abrogating the Thacker decision. This action follows.

II. Cejas Has Exhausted His Remedies

On October 15, 2023 Cejas filed to the warden and he never received a response. Out of caution On November 27, 2023, Cejas Again submitte a Standard "RIS" form to teh warden with no response. On December 30, 2023, Cejas followed up with a Cop-out on the same subject matter, and the unit manageg acknowledged that there was no response. All of these documents are attched.

III. Cejas Was Sentenced At A Time When Stacked § 924(c) Convictions Were The Norm, But Now Section 403 Of The First Step Act Reflects This Thought Process Was Incorrect Leaving Cejas Serving An Unuaually Long Sentence That Would Not Be Imposed Today.

Constantino Cejas was been incarcerated since 2011 on these charges and the sentences that followed the convictions under § 924(c). That is, Cejas has fully served every day the concurrent sentences imposed for the controlled substance crimes. In other words, Cejas's current incarcertion is premise solely on the egregious § 924(c) counts that he was convicted of.

TodAY, if Cejas were convicted at trial for the same crimes he would the same penalties on the drug counts, but under § 924(c) he would no longer face the severe 300-months for a the second § 924(c) conviction. Instead, he would face 60-months for the first § 924(c) and 60 months for the second § 924(c). Therefore, today, Cejas would not be serving the additional 20-years that the, then, required.

For context, the average national consensus for murder is just over 20-years. That means that Cejas, if forced to serve out this unuaually long sentence he would be in the same position as some one today that is convcited of murder with two § 924(c) convictions. Furthermore, it is worth noting that Cejas had applied for the gun permit that caused him to possess the firearm used to convict him of these statutes.

What is more, this very Court at sentencing observed, at least, what appeared to be a concern regarding whether § 924(c), and the

order in which a conviction may occur, but as the record shows
the Court was obligated to impose the mandatory penalties at that
time. Today, however, with these changes to § 1B1.13 and the
sections within that provision permit this Court to find that
§ 924(c) stacked sentences may constitute extraordinary and
compelkling reasons for a reduction.

Sections (b)(6) and (c) operate together to respond to the
circuit split concerning when, if ever, non-retroactive changes in
law may be considered as extraordinary and compelling reasons
within the meaning of 18 U.S.C. § 3582(c)(1)(A). The Amendment,
according to the Commissions, agrees with the circuits that
authorize a dsitrict court to consider non-retroactive changes in
the law as extraordinary and compelling circumstances warranting
a sentence reduction but adopts a tailored approach that narrowly
limits that principle in unusually long sentences, which the
legislative body addressed when it enacted this provision.

Congress believed that there would be sentences that due to
changes in the law would that sentence unusually long and create
a disparity (gross) between the sentence being served and the likely
to be imposed at the time the motion like this is filed, with a
cavate that the prisoner have served at least ten (10) years of
his sentence. Cejas fits this criteria, as if sentenced to he
would not receive the additional 240-months for the sencond
§924(c) conviction, and he has already served more than ten years
of the 480-month sentence that imposed.

While this provide a basis alone for a reduction, Cejas will further offer additional reasons supporting that he would warrant a reduction.

> IV. The Condition Of Confinement Here At Hazelton, In Combination With Other Factors Warrant A Reduction In This Case

This Court sentenced Cejas To Prison for his crimes after a jury convicted him on all counts. It did not, however, require him to served this sentence under such extreme circumstances. That is, attached as an exhibit identifying the investigation curretly underway involving the FCC hazelton complex, to include the F.C.I. where Cejas is incarcerated. Inmates such as Cejas and his statuts as an illegal immigrant exposes him to unfair treatment by the group of individuals called the "good ole boys" that run the compound.

While Cejas attempts to hold down gainful employment (now at Unicor) he has been removed from other positions like commissary, and as a plumber simply because of his status. when Cejas attempted to exercise theAdministrative rights he was swiftly informed that the BOP had the upper hand. Cejas, particularly, has been denied teh First Step Act classes and the days for programming and the incentives directed by Congress as a resut of his status, and yet he continues to pregram and work diligently. Even when he attempted to exhaust his remedies, while other unit managers provide inmates with an immediate recognition of the filing, Cejas had to submit three times his exhaustion and non-status inmates are not treated

in this manner. what is more, staff members consistently direct racial slurs at immigrants such as Cejas and encourage other inmates to abuse them. This was specifically identified in teh memo from Congress attcahed.

That is not to mention the onerous lockdowns that occur here at teh F.C.I. And while it may have been understood at the time of pandemic, now it is used as a punishment when a single inmate violates an act which results in the entire unit being lockdown for days and even weeks. Courts recognize that unexpected harshness warrants, or may warrant of reduction in sentence. See e.g., United States v. Spano, 476 F.3d. 476, 479 (7th Cir. 2007) (noting sentencing court may, but are not required to, find "that the harsher the conditions the shorter the sentence should be."); see also United States v. MacFarlane, 438 F. Supp. 3d 125, 127 (D. Mass. 2020)(granting a sentence reduction and noting "two-weeks in solitary quarantine in a higher security facility is the equivalent of two months in the camp to which he was orginally assigned").

Put simply, this Court could not have aware of extreme circumstances that have been placed on Cejas's shoulders that were not intended when this Court imposed this egregous sentence. Cejas recognizes that the Court was bound by the law when it sentenced him, but what would have the sentence been had this Court the discetion the impose something other than the mandatory sentence it imposed. This provides this Court an opportunity to correct the injustice that occurred in Cejas's case, not because the law says so, but because § 1B1.13 now authorizes the Court to look to see if there are extraordinary and compelling reasons

that ameliorate the need the law once called for, but no longer requires.

### V. POst-Sentening Rehabilitation And § 3553(a) Support A Reduction

The core congressional command in § 3553(a) is that district courts must "impose a sentnece sufficient, but not gretaer than necessary, to comply, with specified purposes of punishment. The statutory language is an elegane distillation of one of the most long-established and influencial maxims in criminalogy: The principle of parsimony. That principle, which provides that punishment should never exceed the maximum necessary to effect its putposes, has deep roots in American soil. It is well known to the founding generation through the work of italian criminologist Cesare Beccaria, who borrowed the concept from Montesquieu, as well as the English philossopher Jeremy Bentham. The maxim was given new currency in the twentieth century and was one the foundational ideals fro a number of reomminded criminal law scholars whose efforts culminated in teh Sentencing Reform Act of 1984 (SRA).

Here Cejas's sentence, today is clearly contrary to this maxim, in that, if sentenced today he would exposed to literally less time under § 924(c). In other words, a sentence sufficient but not greater <u>necessary</u> to achieve these purposes. Therefore, with CejAS"S criminal history I, the time he has served, in comination with teh irrefultable fact that Congress now says that the mandatory twenty-five years fora second § 924(c) applies only after a first conviction leaves the current sentence outside what § 3553(a)'s

command.  Therefoere, consistent with § 3553(a), a reduction is
warranted in this case

Conclusion

In this case, the law clearly calls for a reduction, and in the
absence of <u>Thacker</u>, this Court has the disrection to reduce his sentece.
What is more, Cejas will be depoeted upon release and will therefore
pose no danger to teh United States.  The court may also consider
the amount of time that Cejas was in the United States and paid his
taxes, and worked for all of those years.  Therefore, Cajas prays that
teh court will grant a reduction to time already served,

Filed this 12th day of February, 2024.

_____
Cejas, Constantino